TRACY L. WILKISON
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ROBERT F. CONTE (Cal. Bar No. 157582)
Assistant United States Attorneys
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6607
    Facsimile:  (213) 894-0115
    E-mail:    robert.conte@usdoj.gov

Attorneys for the United States of America

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>ALAN SNITZER; DOROTHEA SNITZER: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its successors and assigns, as nominee for THE CIT GROUP/CONSUMER FINANCE, INC.: and, THE CIT GROUP/CONSUMER FINANCE, INC.<br><br>      Defendants. | Civil No.  2:21-cv-02587<br><br>COMPLAINT TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AND TO FORECLOSE FEDERAL TAX LIENS ON REAL PROPERTY<br><br>[Complaint and Exhibits Redacted under L.R. 5.2-1] |

## **COMPLAINT**

The United States brings this action to collect unpaid federal income tax assessments, to reduce those assessments to judgment, and to foreclose federal tax liens on real property.  The United States complains and alleges on information and belief as follows:

### A. GENERAL ALLEGATIONS

#### Authorization for Suit

1.    This action is brought at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Chief Counsel of the

1

Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, pursuant to 26 U.S.C. §§ 7401 and 7403 for the collection of federal taxes.

## Jurisdiction and Venue

2.    The district court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1340, as well as 26 U.S.C. §§ 7402 and 7403.

3.    Venue properly lies in the Central District of California under 28 U.S.C. § 1391(b)(2) because the property that is the subject of this action is located in the district, and under 28 U.S.C. § 1391(b)(1) because defendants Alan Snitzer and Dorothea Snitzer resided in this district when the tax liabilities at issue were assessed.

## The Subject Real Property

4.    The United States seeks an order foreclosing its tax liens on real property located at XXXX XXXXXXXXX XXXXX, Pasadena, California, (the Pasadena property).

5.    The Pasadena property is located in Los Angeles County with assessor's parcel number 5704-029-028.  It is legally described as: Lot 4 in Tract 14099 as per Maps recorded in Book 301, Pages 42 to 44 Inclusive of Maps, in the Office of the County Recorder of Los Angeles County, California.

6.    Alan Snitzer and Dorothea Snitzer purchased the property as husband and wife in 1993.   The Individual Grant Deed conveying the property to them was recorded in the Los Angeles County Recorder's office on December 29, 1993, at instrument no. 93-2532932.

## The Parties

7.    The UNITED STATES OF AMERICA is the plaintiff to this action and seeks to reduce to judgment Alan Snitzer and Dorothea Snitzer, husband and wife, (the taxpayers) individual federal income tax liabilities (Form 1040) for the tax years 2008 through 2016, and 2018 (the subject tax years), which gave rise to statutory federal tax liens as of the dates of assessment pursuant to 26 U.S.C. § 6321, to foreclose its federal tax liens for such years against the Pasadena property, and to have its liens, described

2

below, paid from the proceeds of the foreclosure sale in the order of priority determined by the Court.

8.    The United States recorded Notices of Federal Tax Lien (NFTLs) for the taxpayers' tax liabilities for the subject tax years as described below in paragraph 42 of the complaint.

9.    Defendants ALAN SNITZER and DOROTHEA SNITZER are made parties to this action because the United States is seeking to reduce their federal income tax liabilities to judgment and to foreclose its federal tax liens encumbering the Pasadena property.

10.    Defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its successors and assigns, as nominee for THE CIT GROUP/CONSUMER FINANCE, INC., and THE CIT GROUP/CONSUMER FINANCE, INC. are made parties to this action pursuant to 26 U.S.C. § 7403(b) because they may assert an interest in the Pasadena property pursuant to a Deed of Trust filed in Los Angeles County on November 9, 2004, instrument number 2004-2975873.  Exhibit A.

## B. CAUSES OF ACTION

### I. First Claim for Relief: To Reduce Federal Tax Assessments to Judgment
### (Against Alan Snitzer and Dorothea Snitzer Only)

11.    The United States incorporates by reference its allegations made in each of the paragraphs above as if fully restated herein.

12.    During all relevant years at issue in this case the taxpayers were husband and wife, and they filed joint federal income tax returns (Forms 1040).

<u>Tax Year 2008</u>

13.    On March, 7, 2011, a delegate of the Secretary of the Treasury assessed federal income tax for the tax year 2008 in the amount of $121,579 against the taxpayers based on an unagreed tax deficiency (additional tax assessed) as determined by the Internal Revenue Service (IRS).

14.    As of March 31, 2021, the outstanding balance of the taxpayers' individual

federal income tax liability for the tax year 2008 is $171,929, after taking into account credits, charges, interest, and penalties.

Tax Year 2009

15.    On May 28, 2012, a delegate of the Secretary of the Treasury assessed federal income tax for the tax year 2009 in the amount of $67,197 against the taxpayers based on an unagreed tax deficiency (additional tax assessed) as determined by the IRS.

16.    As of March 31, 2021, the outstanding balance of the taxpayers' individual federal income tax liability for the tax year 2009 is $119,000, after taking into account credits, charges, interest, and penalties.

Tax Year 2010

17.    On November 21, 2011, a delegate of the Secretary of the Treasury assessed federal income tax for the tax year 2010 in the amount of $82,146 against the taxpayers based on a tax deficiency as determined by their federal income tax return filed with the IRS.

18.    On May 13, 2013, a delegate of the Secretary of the Treasury assessed federal income tax for the tax year 2010 in the amount of $1,357 against the taxpayers based on an unagreed tax deficiency (additional tax assessed) as determined by the IRS.

19.    As of March 31, 2021, the outstanding balance of the taxpayers' individual federal income tax liability for the tax year 2010 is $70,399, after taking into account credits, charges, interest, and penalties.

Tax Year 2011

20.    On November 26, 2012, a delegate of the Secretary of the Treasury assessed federal income tax for the tax year 2011 in the amount of $135,740 against the taxpayers based on a tax deficiency as determined by their federal income tax return filed with the IRS.

21.    On July 7, 2014, a delegate of the Secretary of the Treasury assessed federal income tax for the tax year 2011 in the amount of $9,672 against the taxpayers based on an unagreed tax deficiency (additional tax assessed) as determined by the IRS.

22.     As of March 31, 2021, the outstanding balance of the taxpayers' individual federal income tax liability for the tax year 2011 is $80,289, after taking into account credits, charges, interest, and penalties.

Tax Year 2012

23.     On November 25, 2013, a delegate of the Secretary of the Treasury assessed federal income tax for the tax year 2012 in the amount of $137,954 against the taxpayers based on a tax deficiency as determined by their federal income tax return filed with the IRS.

24.     On June 1, 2015, a delegate of the Secretary of the Treasury assessed federal income tax for the tax year 2012 in the amount of $8,563 against the taxpayers based on an unagreed tax deficiency (additional tax assessed) as determined by the IRS.

25.      As of March 31, 2021, the outstanding balance of the taxpayers' individual federal income tax liability for the tax year 2012 is $58,967, after taking into account credits, charges, interest, and penalties.

Tax Year 2013

26.     On November 17, 2014, a delegate of the Secretary of the Treasury assessed federal income tax for the tax year 2013 in the amount of $134,379 against the taxpayers based on a tax deficiency as determined by their federal income tax return filed with the IRS.

27.     On May 16, 2016, a delegate of the Secretary of the Treasury assessed federal income tax for the tax year 2013 in the amount of $34,466 against the taxpayers based on an unagreed tax deficiency (additional tax assessed) as determined by the IRS.

28.     As of March 31, 2021, the outstanding balance of the taxpayers' individual federal income tax liability for the tax year 2013 is $73,178, after taking into account credits, charges, interest, and penalties.

Tax Year 2014

29.     On November 23, 2015, a delegate of the Secretary of the Treasury assessed federal income tax for the tax year 2014 in the amount of $93,776 against the taxpayers

based on a tax deficiency as determined by their federal income tax return filed with the IRS.

30.     On April 3, 2017, a delegate of the Secretary of the Treasury assessed federal income tax for the tax year 2014 in the amount of $16,987 against the taxpayers based on an unagreed tax deficiency (additional tax assessed) as determined by the IRS.

31.     As of March 31, 2021, the outstanding balance of the taxpayers' individual federal income tax liability for the tax year 2014 is $61,882, after taking into account credits, charges, interest, and penalties.

Tax Year 2015

32.     On November 21, 2016, a delegate of the Secretary of the Treasury assessed federal income tax for the tax year 2015 in the amount of $152,906 against the taxpayers based on a tax deficiency as determined by their federal income tax return filed with the IRS.

33.     On June 11, 2018, a delegate of the Secretary of the Treasury assessed federal income tax for the tax year 2015 in the amount of $37,116 against the taxpayers based on an unagreed tax deficiency (additional tax assessed) as determined by the IRS.

34.     As of March 31, 2021, the outstanding balance of the taxpayers' individual federal income tax liability for the tax year 2015 is $81,495, after taking into account credits, charges, interest, and penalties.

Tax Year 2016

35.     On November 20, 2017, a delegate of the Secretary of the Treasury assessed federal income tax for the tax year 2016 in the amount of $120,101 against the taxpayers based on a tax deficiency as determined by their federal income tax return filed with the IRS.

36.     As of March 31, 2021, the outstanding balance of the taxpayers' individual federal income tax liability for the tax year 2016 is $46,916, after taking into account credits, charges, interest, and penalties.

Tax Year 2018

37.    On November 18, 2019, a delegate of the Secretary of the Treasury assessed federal income tax for the tax year 2018 in the amount of $206,241 against the taxpayers based on a tax deficiency as determined by their federal income tax return filed with the IRS.

38.    As of March 31, 2021, the outstanding balance of the taxpayers' individual federal income tax liability for the tax year 2018 is $85,968, after taking into account credits, charges, interest, and penalties.

39.    Since the assessment of the above-stated amounts, assessed and unassessed interest, fees and collections costs, and additions-to-tax, including the failure-to-pay and late-filing additions-to-tax, have accrued and continue to accrue.

40.    Despite timely notice and demand, the taxpayers have failed or refused to pay in full the assessments set forth above and there remains due and owing to plaintiff the following balances for income taxes, including accrued but unassessed interest, additions-to-tax, and penalties, computed to March 31, 2021:

| Tax Year | Liability |
|----------|-----------|
| 2008 | $171,926 |
| 2009 | $119,000 |
| 2010 | $ 70,399 |
| 2011 | $ 80,289 |
| 2012 | $ 58,967 |
| 2013 | $ 73,178 |
| 2014 | $ 61,882 |
| 2015 | $ 81,495 |
| 2016 | $ 46,916 |
| 2018 | $ 85,968 |
| Total: | $850,020 |

41.     The total balance due calculated to March 31, 2021, for taxpayers' 2008 through 2016, and 2018 individual federal income tax liabilities is **$850,020**.  Additional amounts continue to accrue as permitted by law.

42.     The instant action against the taxpayers is timely with respect to each of the subject tax years.

**II.  Second Claim for Relief: To Foreclose Federal Tax Liens Against Real Property (Against All Defendants)**

43.     The allegations made in the preceding paragraphs of this complaint are incorporated by reference.

44.     Pursuant to 26 U.S.C. §§ 6321 and 6322, a lien for the unpaid tax liabilities arose in favor of the United States against all property and rights to property owned by the taxpayers as of the assessment dates for each tax, penalty, additions-to-tax, and interest assessment described in this complaint.

45.     In connection with the assessments set forth in support of the first cause of action of this complaint, the IRS recorded valid NFTLs against all property and rights to property owned by the taxpayers in Los Angeles County as follows:

| Date Filed | Instrument Number | Tax Year(s) | Total Amount | Attached as Exhibit No. |
|------------|-------------------|-------------|--------------|-------------------------|
| 3/19/12    | 20120421385       | 2010        | $  40,502    | 1                       |
| 9/17/12    | 20121390073       | 2008        | $116,427     | 2                       |
| 12/13/19   | 20191392159       | 2011- 2016  | $365,444     | 3                       |
| 1/17/20    | 20200064859       | 2018        | $  71,599    | 4                       |
| 1/22/21    | 20210123972       | 2009        | $158,541     | 5                       |

46.     The federal tax liens for the taxes described in this complaint attached, and remain attached, to the subject property located in Pasadena, California, assessor no. 5704-029-028.

47.     The United States is entitled to foreclose its federal tax liens on the property

pursuant to 26 U.S.C. § 7403.

48.    Upon the sale of the Pasadena property, the United States is entitled to apply the proceeds to the taxpayers' outstanding federal tax assessments, including accruals.

49.    The United States has named as defendants in this action the entities that have liens or may claim an interest in the property pursuant to 26 U.S.C. § 7403(b).  To the extent additional parties may claim an interest in the property, they will be added as additional defendants to this action.

50.    The United States requests that the Court adjudicate the merits and respective priorities of its and defendants' respective claims to and liens upon the property and decree a sale of the property.  The known parties and their putative interests are alleged in this complaint, which are incorporated by this reference.

WHEREFORE, the United States requests that the Court:

A.    As to the first claim for relief, enter a judgment in favor of the United States and against ALAN SNITZER and DOTOTHEA SNITZER, husband and wife, for their 2008 through 2016, and 2018 individual federal income tax liabilities (Form 1040) of **$850,020**, calculated to March 31, 2021, plus interest, penalties, and statutory additions thereon as provided by law from the date of each assessment, including all lien fees and collection costs incurred before or after the filing of this complaint;

B.    As to the second claim for relief, foreclose the federal tax liens against the Pasadena property, order the sale of the property, determine the interest and respective priorities of the parties in the property and order distribution of the proceeds from the sale of the property in accordance with their interests and priorities;

///

1

2

3        C.      Grant the United States its costs incurred in bringing this action, including

4   all lien fees and collection costs incurred before or after the filing of this complaint; and

5        D.      Order any further relief it deems just and appropriate.

6

7   Dated: 3/25/21                          Respectfully submitted,

8                                           TRACY L. WILKISON
                                            Acting United States Attorney
9                                           THOMAS D. COKER
                                            Assistant United States Attorney
10                                          Chief, Tax Division

11                                              /s/ Robert F. Conte
                                            ROBERT F. CONTE
12                                          Assistant United States Attorney

13                                          Attorneys for the United States of America

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**CIT**

WHEN RECORDED MAIL TO

04 2975873

Nationwide Title Clearing, Inc.
ATTN: Dusti Woodbury - CIT Unit
2100 Alt 19 North
Palm Harbor, FL 34683

CIT
11-23-04

MIN: __100263105000454220__

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST

| TRUSTOR(S) Name(s) and Address(es) | **ALAN B SNITZER**<br>**DOROTHEA C SNITZER**<br><br>PASADENA, CA 91103 ("Borrower") | Lender Name and Address | The CIT Group/Consumer Finance, Inc.<br>(a Delaware Corporation)<br>**11440 WEST BERNARDO COURT**<br>**SUITE 356**<br>**SAN DIEGO, CA 92127** ("Lender")<br>LICENSE NO.: 603 2875 |
|---|---|---|---|
| | | Beneficiary Name and Address | **MERS**<br>P.O. Box 2026<br>Flint, MI 48501-2026 ("Beneficiary") |

TRUSTEE'S NAME AND ADDRESS
STEWART TITLE,   7675 MISSION VALLEY ROAD,   SAN DIEGO,   CA   92108

| LOAN NUMBER<br>500045422 | DATE<br>11/09/04 | PRINCIPAL BALANCE<br>$233,000.00 | FINAL PAYMENT DATE<br>11/15/29 |
|---|---|---|---|

Borrower owes Lender the principal sum shown in the Principal Balance box above, which is the maximum amount of loan indebtedness that Borrower will have outstanding at any time, exclusive of interest thereon. This debt is evidenced by Borrower's Home Equity Line of Credit Agreement dated the same date as this Deed of Trust ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on the Final Payment Date shown above. **The beneficiary of this Deed of Trust is MERS** (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. This Deed of Trust secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications; (b) the payment of all other sums, with interest, advanced under paragraph 2 to protect the security of this Deed of Trust; and (c) the performance of Borrower's covenants and agreements under this Deed of Trust and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in _____ County, California:

### SEE ATTACHED LEGAL DESCRIPTION 'EXHIBIT A'

which has the address of ▮▮▮▮▮▮▮▮▮                                    **PASADENA**
                                          (Street)                                                                    (City)
California      **91103**                           ("Property Address");
                   (Zip Code)

Together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required to Lender including, but not limited to, releasing and canceling this Deed of Trust.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property. Borrower warrants that the lien created by this Deed of Trust is a valid and enforceable lien subordinate only to easements, liens and restrictions of record as of the date of this Deed of Trust, and that during the entire term of the indebtedness

11/08/04    18:08    1791788 .
2-2191A (4/04) California (HELOC)                                                    Initial(s)  X _____   X _____

Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2 Taxes-Liens-Insurance-Maintenance.** Borrower will pay, when they are due and payable, all taxes, liens or security titles (legal claims), assessments, obligations, water rates and any other charges against the Property, whether superior or inferior to the lien or security title of this Deed of Trust, including paying Lender any costs, including outside attorney's fees incurred by Lender in defending any lawsuit by prior or later lienholders or security title holders on the Property, maintain hazard insurance and earthquake insurance on the Property in Lender's favor in a form and amount satisfactory to Lender and maintain and keep the Property in good repair at all times during the term of this Deed of Trust pursuant to paragraph 4 below. If Borrower fails to maintain the Property in good repair, Lender may enter the Property and make those repairs necessary to maintain the Property in good repair. Lender may pay any such tax, lien or security title, assessment, obligation, water rates, premium or other charge necessary to maintain the Property in good repair, or purchase such insurance in Lender's own name, if Borrower fails to do so. The amount Lender pays will be due and payable to Lender on demand, will bear an interest charge at the interest rate set forth in the Note secured by this Deed of Trust if permitted by law, or, if not, at the highest lawful interest rate, will be an additional lien or security title on the Property and may be enforced and collected in the same manner as the other obligations secured by this Deed of Trust. The insurance carrier providing the insurance referred to above will be chosen by Borrower subject to Lender's approval which will not be unreasonably withheld. All insurance policies and renewals must be acceptable to Lender and must include a standard mortgagee clause. Lender will have the right to hold the policies and renewals. If Lender requires, Borrower will promptly give to Lender all receipts of paid premiums and renewal notices. In the event of a loss, Borrower will give prompt notice to the insurance carrier and Lender. Lender may file a proof of loss if not made promptly by Borrower. Proceeds from all insurance required by Lender or obtained by Borrower will be applied to the restoration or repair of the Property damaged or, at Lender's option, the insurance proceeds will be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within ten (10) days, a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due. The ten (10)-day period will begin when the notice is given.

**3. Application of Payments.** Unless applicable law provides otherwise, payments shall be first applied to any prepayment charges, then to any costs and expenses incurred under this Deed of Trust, then to interest then due and then to principal.

**4. Preservation and Maintenance of Property; Leaseholds.** Borrower shall not destroy, damage or substantially change the Property, allow the Property to deteriorate or commit waste. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease, and if Borrower acquires fee title to the Property, the leasehold and fee title shall not merge unless Lender agrees to the merger in writing.

**5. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain the insurance in effect until such time as the requirement for the insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

**6. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**7. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Deed of Trust, whether or not then due; with any excess paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, the sums secured by this Deed of Trust shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Properly immediately before the taking. Any balance shall be paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, application of proceeds to principal shall not extend or postpone the due date of the payments referred to in paragraph 1 or change the amount of such payments.

**04 2975873**

Initial(s)  X _____  X _____

**8. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**9. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Deed of Trust shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 15. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Deed of Trust but does not execute the Note: (a) is co-signing this Deed of Trust only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Deed of Trust; (b) is not personally obligated to pay the sums secured by this Deed of Trust; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent.

**10. Loan Charges.** If the loan secured by this Deed of Trust is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**11. Legislation Affecting Lender's Rights.** If enactment or expiration of applicable laws has the effect of rendering any provision of the Note or this Deed of Trust unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Deed of Trust and may invoke any remedies permitted by paragraph 17.

**12. Notices.** Any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. Borrower requests that copies of any notices of default and sale be sent to Borrower's address which is the Property Address unless otherwise indicated on the front page of this Deed of Trust. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**13. Governing Law; Severability.** This Deed of Trust shall be governed by California and applicable federal law. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision. To this end the provisions of this Deed of Trust and the Note are declared to be severable.

**14. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Deed of Trust.

**15. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

**16. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Deed of Trust discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Deed of Trust; or (b) entry of a judgment enforcing this Deed of Trust. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Deed of Trust and the Note had no acceleration occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Deed of Trust, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien or security title of this Deed of Trust, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unchanged. Upon reinstatement by Borrower, this Deed of Trust and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 15.

**17. Default.** If Borrower defaults in paying any part of the indebtedness secured by this Deed of Trust or if Borrower defaults in any other way, the entire unpaid principal and any accrued and unpaid interest thereon and any other amounts Borrower then owes under the loan secured by this Deed of Trust will become due, if Lender desires.

Lender may execute and record, in the Office of the Recorder of each county in which the Property or some part is located, a written notice of the default and Lender's election to sell the Property secured by this Deed of Trust. Lender may rescind the notice before the Trustee's sale by executing and recording a notice of rescission, which will cancel any prior notice of default and of any acceleration of the maturity of the indebtedness affected by any prior notice of default. Lender's rescission of a notice of default will not waive any existing or subsequent default nor impair Lender's right to execute any notice of default and election to cause the Property to be sold nor otherwise affect any of Lender's rights under this Deed of Trust.

SNITZER, ALAN
11/08/04    18:08    1791788
2-2191C

## 04 2975873

Initial(s) X _____  X _____

After the time required by law following the recording of the notice of default has elapsed, the Trustee may give notice of sale as then required by law and, without demand on Borrower, sell the real estate at the time and place fixed in the notice of sale either as a whole or in separate parcels in whatever order the Trustee determines, at public auction to the highest bidder for cash. The Trustee may postpone the sale from time to time by making a public announcement at the original or previously postponed time and place of sale, and without further notice, the Trustee may make such sale at the time to which the sale may be so postponed.

The Trustee will deliver to the purchaser a Trustee's deed conveying the real estate sold, but without any covenant of warranty, express or implied. Any person, including Lender, Borrower or the Trustee, may bid at the sale and purchase the real estate. The proceeds of the sale will be applied by the Trustee first, to the payment of all fees and expenses of the Trustee and of this trust; second to all sums expended by Lender under the terms of this Deed of Trust which have not been repaid, with accrued interest at the amount allowed by law; third to all other sums secured by this Deed of Trust; and any remainder to the persons legally entitled to it.

**18. Lender in Possession.** Upon acceleration under paragraph 17 or abandonment of the Property, Lender (in person, by agent or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. Any rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust.

**19. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request the Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing debt secured by this Deed of Trust to the Trustee. Trustee shall reconvey the Property without warranty. The trustee or Lender may charge a fee for services rendered in connection with the preparation, execution or recordation of a reconveyance, or request for a reconveyance, to the extent allowed by law. Such person or persons shall pay any recordation costs.

**20. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Deed of Trust is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**21. Riders to this Deed of Trust.** If one or more riders are executed by Borrower and recorded together with this Deed of Trust, the covenants and agreements of each rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Deed of Trust as if the rider(s) were a part of this Deed of Trust [Check applicable box(s)]

☐ Adjustable Rate Rider ☐ Condominium Rider ☐ 1-4 Family Rider

☐ Graduated Payment Rider ☐ Planned Unit Development Rider

☒ Request for Copy of Notice of Default ☐ Other(s) [specify]

**22. Statement of Obligation.** Lender may collect a fee not to exceed the maximum amount permitted by law for furnishing a Beneficiary Statement and/or a Payoff Demand Statement as provided by Section 2943 of the Civil Code of California.

**23. Transfer of Servicing.** Pursuant to California Civil Code Section 2937, if the servicing of this Deed of Trust and the indebtedness by which it secures is ever transferred from one servicing agent to another servicing agent, each such servicing agent shall inform the Borrower of the transfer prior to the creation of any obligation on the part of the Borrower to pay the new servicing agent.

04 2975873

SNITZER, ALAN
11/08/04    18:08    1791788
2-2191D

Initial(s)  X _____  X _____

rider(s) executed by Borrower and recorded with it.

_(signature)_ **(Seal)**
**ALAN B SNITZER** -Borrower

_(signature)_ **(Seal)**
**DOROTHEA C SNITZER** -Borrower

**(Seal)**
-Borrower

**(Seal)**
-Borrower

STATE OF CALIFORNIA

COUNTY OF _Los Angeles_

On _November 9, 2004_ before me, _Maureen Martinez_
(Notary, Name and Title)

personally appeared **ALAN B SNITZER AND DOROTHEA C SNITZER**

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _(signature)_

(Notarial Seal)

> **MAUREEN MARTINEZ**
> COMM. #1285945
> NOTARY PUBLIC - CALIFORNIA
> LOS ANGELES COUNTY
> My Comm. Expires December 15, 2004

REQUEST FOR RECONVEYANCE

TO TRUSTEE:

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Dated:

04 2975873

_11/08/04_   _18:08_   _1791788_
2-2191E

# EXHIBIT 1

Recording Requested By Internal Revenue
Service. When recorded mail to:

INTERNAL REVENUE SERVICE
300 N Los Angeles St Mail Stop 5027
LOS ANGELES, CA  90012

**RECORDED/FILED IN OFFICIAL RECORDS**
**RECORDER'S OFFICE**
**LOS ANGELES COUNTY**
**CALIFORNIA**

# 20120421385

**March 19, 2012 AT 8:12 AM**

**FEE $18.00**

For Optional Use by Recording Office

| Form 668 (Y)(c) | Department of the Treasury - Internal Revenue Service |
|---|---|
| (Rev. October 2000) | **Notice of Federal Tax Lien** |

| Area:SMALL BUSINESS/SELF EMPLOYED AREA #7 | Serial Number |
|---|---|
| Lien Unit Phone: (800) 913-6050 | 853859312 |

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer.  We have made a demand for payment of this liability, but it remains unpaid.  Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer  ALAN B & DOROTHEA C SNITZER

Residence     2 N LAKE AVE STE 880
              PASADENA        CA   91101-4133

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2010 | XXX-XX-2932 | 11/21/2011 | 12/21/2021 | 40502.20 |

| Place of Filing | | |
|---|---|---|
| COUNTY RECORDER | | |
| LOS ANGELES | Total  $ | 40502.20 |

This notice was prepared and signed at  OAKLAND, CA                                    , on this,
the  07  day of March   2012  .

| Signature  *R. A. Mitchell* | Title   TERRITORY MANAGER |
|---|---|

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60025X

# EXHIBIT 2

Recording Requested By Internal Revenue Service. When recorded mail to:

INTERNAL REVENUE SERVICE
300 N Los Angeles St Mail Stop 5027
LOS ANGELES, CA 90012

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

# 20121390073

September 17, 2012 AT 8:48 AM
FEE $18.00

For Optional Use by Recording Office

Form 668 (Y)(c)
(Rev. October 2000)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #7<br>Lien Unit Phone: (800) 913-6050 | Serial Number<br>891982312 |
|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer  ALAN B & DOROTHEA C SNITZER

Residence  2 N LAKE AVE STE 880
PASADENA      CA   91101-4133

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2008 | XXX-XX-2932 | 03/07/2011 | 04/06/2021 | 116427.74 |

| Place of Filing<br>COUNTY RECORDER<br>LOS ANGELES | | | | Total | $ | 116427.74 |

This notice was prepared and signed at   OAKLAND, CA                                   , on this,
the   05   day of September 2012 .

| Signature  *R. A. Mitchell* | Title   TERRITORY MANAGER |
|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60025X

# EXHIBIT 3



**This page is part of your document - DO NOT DISCARD**





# 20191392159



**Pages:**
**0002**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/13/19 AT 09:06AM**

| | |
|---|---|
| FEES: | 15.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 15.00 |



**L E A D S H E E T**



201912132890010

**00017576432**



010348819

**SEQ:**
**21**

DAR - Mail (Intake)

**THIS FORM IS NOT TO BE DUPLICATED**

E364265

Recording Requested By Internal Revenue
Service. When recorded mail to:

INTERNAL REVENUE SERVICE
PO BOX 145595, STOP 8420G
CINCINNATI, OH 45250-5585

**17576432**

Batch Number: 10348819

For Optional Use by Recording Office

| Form 668 (Y)(c) | 1833 Department of the Treasury - Internal Revenue Service |
|---|---|
| (Rev. February 2004) | **Notice of Federal Tax Lien** |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #7 | Serial Number |
|---|---|
| Lien Unit Phone: (800) 913-6050 | 395032719 |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer  ALAN B & DOROTHEA C SNITZER

Residence    80 S LAKE AVE STE 800
             PASADENA, CA 91101-2585

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2011 | XXX-XX-2932 | 11/26/2012 | 12/26/2022 | |
| 1040 | 12/31/2011 | XXX-XX-2932 | 07/07/2014 | 08/06/2024 | 74027.14 |
| 1040 | 12/31/2012 | XXX-XX-2932 | 11/25/2013 | 12/25/2023 | |
| 1040 | 12/31/2012 | XXX-XX-2932 | 06/01/2015 | 07/01/2025 | 54410.51 |
| 1040 | 12/31/2013 | XXX-XX-2932 | 11/17/2014 | 12/17/2024 | |
| 1040 | 12/31/2013 | XXX-XX-2932 | 05/16/2016 | 06/15/2026 | 67522.88 |
| 1040 | 12/31/2014 | XXX-XX-2932 | 11/23/2015 | 12/23/2025 | |
| 1040 | 12/31/2014 | XXX-XX-2932 | 04/03/2017 | 05/03/2027 | 57100.34 |
| 1040 | 12/31/2015 | XXX-XX-2932 | 11/21/2016 | 12/21/2026 | |
| 1040 | 12/31/2015 | XXX-XX-2932 | 06/11/2018 | 07/11/2028 | 70402.31 |
| 1040 | 12/31/2016 | XXX-XX-2932 | 11/20/2017 | 12/20/2027 | 41981.34 |

| Place of Filing | | | |
|---|---|---|---|
| COUNTY RECORDER LOS ANGELES COUNTY NORWALK, CA 90650 | | Total $ | 365444.52 |

This notice was prepared and signed at _____ OAKLAND, CA _____, on this, the ___26th___ day of ___November___, 2019.

| Signature | Title |
|---|---|
| *Edwin Alan Cerny* | REVENUE OFFICER   27-01-3628 |
| for D. SCHIAPPA JR | (818) 543-2222 |

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

# EXHIBIT 4

**This page is part of your document - DO NOT DISCARD**



# 20200064859



**Pages:
0002**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**01/17/20 AT 08:32AM**

| | |
|---|---|
| FEES: | 20.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 20.00 |



**LEADSHEET**



202001172890003

**00017748820**



010442535

**SEQ:
41**

DAR - Mail (Intake)



**THIS FORM IS NOT TO BE DUPLICATED**

Recording Requested By Internal Revenue
Service. When recorded mail to:

INTERNAL REVENUE SERVICE
PO BOX 145595, STOP 8420G
CINCINNATI, OH 45250-5585

17748820

Batch Number: 10442535

For Optional Use by Recording Office

| Form 668 (Y)(c) | 1833  Department of the Treasury - Internal Revenue Service |
|---|---|
| (Rev. February 2004) | **Notice of Federal Tax Lien** |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #7 | Serial Number |
|---|---|
| Lien Unit Phone: (800) 913-6050 | 401251520 |

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer ALAN B & DOROTHEA C SNITZER

Residence      80 S LAKE AVE STE 800
               PASADENA, CA 91101-2585

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2018 | XXX-XX-2932 | 11/18/2019 | 12/18/2029 | 71599.73 |

| Place of Filing | | | | | |
|---|---|---|---|---|---|
| | COUNTY RECORDER LOS ANGELES COUNTY NORWALK, CA 90650 | | | Total | $   71599.73 |

This notice was prepared and signed at _____ OAKLAND, CA _____ , on this,
the ____ 07th ____ day of __ January __ , 2020.

| Signature

for D. SCHIAPPA JR | Title
REVENUE OFFICER
(818) 543-2222 | 27-01-3628 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 1 - Kept By Recording Office**

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

# EXHIBIT 5

 

**This page is part of your document - DO NOT DISCARD**



## 20210123972



**Pages:**
**0002**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**01/22/21 AT 02:23PM**

| | |
|---|---|
| FEES: | 15.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 15.00 |



**L E A D S H E E T**



**202101223000039**

**00019691027**



**011671668**

**SEQ:**
**08**

**DAR - Mail (Intake)**



**THIS FORM IS NOT TO BE DUPLICATED**



E530007

Recording Requested By Internal Revenue
Service. When recorded mail to:

INTERNAL REVENUE SERVICE
PO BOX 145595, STOP 8420G
CINCINNATI, OH  45250-5585

**19691027**

Batch Number: 11671668

For Optional Use by Recording Office

| Form 668 (Y)(c) | 1748 Department of the Treasury - Internal Revenue Service |
|---|---|
| (Rev. February 2004) | **Notice of Federal Tax Lien** |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #7 | Serial Number |
|---|---|
| Lien Unit Phone: (800)  913-6050 | 422683020 |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer ALAN B  & DOROTHEA C SNITZER

Residence          80 S LAKE AVE STE 800
                   PASADENA, CA 91101-2585

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2009 | XXX-XX-2932 | 11/15/2010 | 12/15/2030 | |
| 1040 | 12/31/2009 | XXX-XX-2932 | 05/28/2012 | 06/27/2022 | 158541.92 |

| Place of Filing | | | | | |
|---|---|---|---|---|---|
| | COUNTY RECORDER LOS ANGELES COUNTY NORWALK, CA 90650 | | | Total | $  158541.92 |

This notice was prepared and signed at _____OAKLAND, CA_____ , on this,
the ___17th___ day of _December_ , _2020_.

| Signature | Title |
|---|---|
| _Edwin Dean Curry_ | REVENUE OFFICER          27-01-3628 |
| for D. SCHIAPPA JR | (818) 543-2222 |

(NOTE:  Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 1 - Kept By Recording Office**

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X